OPINION OF THE COURT
Bernard M. Herman, J.
This motion presents a novel question for determination.
It appears that the facts and the questions of law applicable to the instant motion have not been decided before, and that this case is one of apparent first impression.
Research of existing case law and of the relevant statutes reveal no prior decisions which can assist or guide the court in the determination of this motion.
*1059 This is a motion by the defendant for an order dismissing the complaint on the grounds that the action was not commenced within the requisite three-year period as provided by CPLR 214 (subds 4, 5).
It appears that on April 27, 1973, the plaintiff was the driver of a motor vehicle that was involved in an accident with another vehicle that fled from the scene of the alleged accident, giving rise to the instant action for personal injuries and property damages allegedly resulting therefrom.
As the other vehicle was fleeing the scene of the accident, the plaintiff was able to obtain the license plate number of that vehicle, and he gave this information to his attorney.
The plaintiff’s attorney thereupon requested the Motor Vehicle Department in Albany to provide him with the name and address of the owner of the motor vehicle bearing the license plate number in question.
The Motor Vehicle Department, on its form FS-25, listed the supposed owner of the offending vehicle in question, but in so doing made an error and identified the wrong person, namely, one John Brown as the owner and his insurance carrier, the First National Insurance Co. as his carrier.
Admittedly, the foregoing information was entirely incorrect.
The plaintiff’s attorney not being aware of the fact that the said John Brown was not in fact the owner of the vehicle in question, thereupon made claim against Brown, and when Brown’s insurance carrier, the First National Insurance Co., disclaimed, the plaintiff’s attorney then filed a claim with the plaintiff’s own insurance carrier, the Empire Mutual Insurance Co., and subsequently demanded arbitration, against his own carrier.
The Empire Mutual Insuance Co. thereupon moved in the Supreme Court of New York County for a stay of the arbitration proceedings, and the same was granted on October 7, 1975.
On November 15, 1976, during a hearing that followed the afore-mentioned stay of proceedings, Empire Mutual developed facts that showed, without doubt, that the true owner of the motor vehicle in question was in fact the instant defendant, Railroad Maintenance Corp., and that its insurance carrier was the Federal Insurance Company.
Therefore, it is unquestioned that as of November 15, 1976, *1060 the plaintiff knew the identity of the correct defendant and also of that defendant’s insurance carrier.
As of November 15, 1976, there was nothing to prevent the plaintiff from discontinuing all of his proceedings against his own insurance carrier, the Empire Mutual Insurance Company, and from then commencing his action against the defendant Railroad Maintenance Corp.
However, the plaintiff did not choose to pursue this avenue of conduct until April 26, 1978, the date when the summons and complaint in the instant action was served upon the defendant herein.
CPLR 214 provides that an action to recover for property damage and personal injury must be brought within three years from the date of the occurrence.
Therefore, unless tolled, CPLR 204 provides that where the commencement of an action has been stayed by a court, the duration of the stay is not a part of the time within which the action must be commenced. Therefore, unless tolled pursuant to CPLR 204, the statute continues to run.
Hence, the determination of this motion depends on the interpretation by this court of CPLR 204 and its effect upon the plaintiff as a consequence of the stay obtained by the plaintiff’s own insurance carrier, Empire Mutual Insurance Company, in a proceeding in which the instant defendant was not a party.
The plaintiff contends that the statute was tolled pursuant to CPLR 204 during the period between the demand for arbitration and the final determination. This contention, although possibly of some merit, is nonetheless unavailing and of no help to the plaintiff.
The defendant contends that it was not a party to the arbitration between the plaintiff and the plaintiff’s insurance carrier, Empire Mutual Insurance Company, and that therefore the tolling of the statute pursuant to CPLR 204 does not apply to it.
It is the defendant’s contention that it first became a party in this action on April 26, 1978, almost five years to the day after the date of the accident in question, namely, April 27, 1973.
There is no question that the Statute of Limitations commenced to run on April 27, 1973, and that the summons and *1061 complaint was served on the defendant on April 26, 1978, or 60 months after the accrual of the cause of action herein.
However, assuming arguendo, that the statute was tolled during the arbitration period, then from April 27, 1973 until October 8, 1975, the date that the stay was obtained, a period of 2 years, 5 months and 10 days of nontolled time elapsed, and from June 7, 1977 the day when the order of the Supreme Court of New York County was signed which ended the tolling of the statute, until April 26, 1978, another 10 months and 20 days of nontolled time elapsed. Thus a total period of three years and almost four months of nontolled time elapsed prior to the commencement of this action on April 26, 1978. Accordingly, the provisions of CPLR 214 which mandates a three-year Statute of Limitations applies.
In view of the foregoing, the court does not find it necessary to determine the validity of the defendant’s contention that it was not a party to the arbitration between the plaintiff and the plaintiff’s own insurance carrier, Empire Mutal Insurance Company.
Accordingly, the defendant’s motion to dismiss the action upon the Statute of Limitations on the grounds that the same was not commenced within the requisite period of three years is granted.